UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENT BASICH,

    Plaintiff,

v.                                                                                                     Case No: 8:22-cv-1757-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff moves the court to award him attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Motion, Dkt. 25.) For the reasons set forth below, the Motion is granted in part.

## BACKGROUND

On August 4, 2022, Plaintiff filed a complaint seeking review of the denial of his claim for Social Security benefits by the Commissioner of Social Security. (Dkt. 1.) On March 10, 2023, the court entered an order reversing the decision of the Commissioner and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. 23.) The Clerk of Court entered judgment in Plaintiff's favor on March 13, 2023. (Dkt. 24.) Plaintiff filed the instant Motion on May 11, 2023, as the prevailing party in this action. (Dkt. 25.) In the Motion, Plaintiff seeks attorney's fees for work performed by attorneys Carol Avard

and Craig Polhemus, as well as paralegal fees. (*Id.*) The Commissioner does not oppose Plaintiff's request. (*Id.* at 3–4.)

## APPLICABLE STANDARDS

Following entry of a favorable judgment in a Social Security case, the prevailing party may obtain attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Monroe v. Comm'r of Soc. Sec. Admin.*, 569 F. App'x 833, 834 (11th Cir. 2014). The EAJA requires the court to award attorney's fees to a party who prevails against the United States in litigation unless the court finds that the government's position in the litigation was "substantially justified" or that special circumstances make such an award unjust. 28 U.S.C. § 2412(d); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

A party may recover an award of attorney's fees under the EAJA if the following prerequisites are met: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed (i.e., filed within thirty days of final judgment in the action); (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) no special circumstances exist that would make an award unjust. 28 U.S.C. § 2412(d). A party who obtains a sentence-four remand in a Social Security case is considered a prevailing party under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person," which requires that the

government's position have a reasonable basis in both law and fact. *Monroe*, 569 F. App'x at 834 (internal quotation and citation omitted).

## ANALYSIS

Upon consideration of the Motion and the applicable law, the court finds Plaintiff entitled to an award of attorney's fees and costs. First, Plaintiff is the prevailing party in this case after having obtained a sentence-four remand. *Schaefer*, 509 U.S. at 296–97, 302. Second, the Commissioner does not dispute the timeliness of Plaintiff's Motion. Third, there is no indication that Plaintiff is excluded from eligibility for an award under the EAJA by any of the exclusions set forth in the Act. Fourth, the Commissioner's position was not substantially justified in this case, and the Commissioner does not dispute this issue. Finally, the court does not find that any special circumstances exist to indicate that an award of attorney's fees in this case would be unjust.

However, attorneys are only entitled to an award of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (emphasis in original; internal quotations omitted). Thus, fee applicants "must exercise what the Supreme Court has termed 'billing judgment'" and must "exclude from their fee applications 'excessive, redundant, or otherwise

unnecessary [hours].'" *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (alteration in original) (quoting *Hensley*, 461 U.S. at 434).

In this case, the Commissioner does not oppose Plaintiff's request for fees under the EAJA. (Dkt. 25 at 3–4.) Nevertheless, as the Eleventh Circuit Court of Appeals instructs, "[i]f fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU of Ga.*, 168 F.3d at 428. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("[W]here the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience." (citation omitted)); *see also Porco v. Comm'r of Soc. Sec.*, No. 2:21-cv-32-JLB-NPM, 2022 WL 394394, at *1 (M.D. Fla. Feb. 9, 2022) (finding that "the Magistrate Judge did not err in sua sponte recommending that the requested attorney time be reduced"). Upon review of Plaintiff's counsel's affidavit, the court finds that a reduction in fees is warranted.

A reduction is warranted for the time spent preparing the fee petition. (Dkt. 25-1 at 18–19.) As an initial matter, courts in this district have found that a "[r]easonable time spent preparing an EAJA fee petition is compensable." *Kirkendall v. Comm'r of Soc. Sec.*, No. 3:17-cv-880-J-PDB, 2019 WL 913282, at *2 (M.D. Fla. Feb. 25, 2019). However, the court finds that the 2.3 hours requested to draft the petition to be excessive as the fee petition is almost identical to other petitions filed by the same attorneys in other cases. *See, e.g.*, *Lambert v. Comm'r of Soc. Sec.*, No. 8:21-cv-2579-CEH-JSS (M.D. Fla. Oct. 18, 2022), ECF No. 25. As such, the court award fees for 1.0 hour of time for preparation of the EAJA petition. *See, e.g.*, *Bostic v. Comm'r of Soc.*

*Sec.*, 858 F. Supp. 2d 1301, 1305 (M.D. Fla. 2011) (finding that "one hour is more than sufficient to compensate the Plaintiff's counsel for the preparation and filing of a petition for attorney fees, including the necessary calculations").

With regard to the billables rates, Plaintiff requests that the hourly rate of the fees awarded be increased to reflect the increase in the cost of living. Under the EAJA, the amount of attorney's fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees shall not exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff proposes an hourly rate of $234.95 for hours worked in 2022, and an hourly rate of $240 for hours worked in 2023. (Dkt. 25 at 2; Dkt. 25-1 at 17–18.) The court finds that Plaintiff is entitled to the requested rate, and the Commissioner does not oppose Plaintiff's request.

In sum, the court finds that Plaintiff be awarded, 6.6 hours for work performed by Carol Avard in 2023, at a rate of $240 per hour, for a total of $1,584; 2.0 hours for work performed by Craig Polhemus in 2022, at a rate of $234.95 per hour, for a total of $469.90, and 23.10 hours for work performed by Craig Polhemus in 2023, at a rate of $240 per hour, for a total of $5,544; and 1.0 hour to prepare the EAJA petition, at a rate of $240 per hour, for a total of $240. After totaling these amounts, the court finds that $7,837.90 represents a reasonable attorney fee in this case.

Finally, Plaintiff requests that the fee award be paid directly to her attorney. (Dkt. 25 at 3.) Although EAJA fee awards belong to the party, not the party's attorney,

*Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), such fees may be paid directly to a plaintiff's attorney in cases in which the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). In this case, Plaintiff has assigned the EAJA award to her attorney, Carol Avard. (Dkt. 25-2.) Therefore, the award is payable directly to Plaintiff's counsel if Plaintiff is not indebted to the federal government; otherwise, the award is payable directly to Plaintiff.

Accordingly:

1. Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Dkt. 25) is **GRANTED in part** and **DENIED in part**.
2. Plaintiff is awarded attorney's fees in the amount of $7,837.90 pursuant to the EAJA.
3. Fees are payable directly to Plaintiff's counsel if it is determined that Plaintiff does not owe a debt to the government.

**ORDERED** in Tampa, Florida, on May 24, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record